### COLUMBUS, D. & M. ELECT. CO. v. SCHLESSINGER.

Ohio Appeals, 3rd Dist., Marion Co.

No. 679. Decided Dec. 6, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

1053. ROADS AND HIGHWAYS—991. Railroads—323. County Commissioners.

1. Intercounty highway may not be changed except by taking necessary steps as outlined in 1189 GC.

2. Contract cannot be enforced against county commissioners unless same is authorized by resolution of board as such.

3. Verbal agreement between representatives of railroad company and members of board of commissioners and state highway department, as individuals, relative to change in state highway, held unenforcible.

Injunction denied.

Petition dismissed.

Wm. P. Maloney, Marion, for Electric Co.

Edward Turner, Columbus, Grant E. Mouser, Jr. and Frank Weideman, Marion, for Schlessinger.

## FULL TEXT

Before Judges Crow, Hughes and Justice.

HUGHES, J.

Intercounty Highway Number 115, long before it was made by law an intercounty highway, was a public road laid out and established and running between Marion and Marysville. When the plaintiff constructed its railway, it crossed this road in the vicinity of what is known as the Newmans Road, at grade. This highway is now an improved road, having been improved under the State Highway Department contracts. The plaintiff's railway parallels this road running south from Marion, for a long distance and crosses the road at a point immediately north of what is known as the Newmans Road at a very sharp angle from the west side over to the east side, and then follows parallel to the road for some distance. The improved or hard surface portion of the highway comes down to the right of way of the railway company, or the tracks thereof, and then makes a turn to the right at a very small angle; that is, about a twenty degree turn to the right, crossing the railroad tracks, and then straightening out by the same kind of a turn and goes on south. The Newmans Road crosses the railroad track a short distance south of this point at right angles and comes into intercounty Highway Number 115, but does not cross said highway.

In May of 1925, or sometime prior to that date, the State Highway Department undertook to improve Intercounty Highway Number 115, and their plan, as disclosed by the evidence in this case, is to make a hard surface or paved road running in a straight line across the tracks of the plaintiff company, instead of making the small angling turn to the right over the tracks as it is now improved. This, it will be observed, will increase the amount of paved road covering the railroad tracks, quite materially more than is now covered by the improved portion of the road as it crosses the tracks.

This improvement is sought to be enjoined by the plaintiff company upon the theory, first, that the Director of Highways and Public Works, together with the county commissioners of Marion county, Ohio, entered into a verbal agreement with the defendant in substance agreeing that if the defendant company would move its tracks some distance to the west of where they were then located, they would change the course of the highway, making a new road by running it on the east side of the tracks of the company, south until it met the Newmans Road, and then make a right angle turn over the tracks and thereby abandon the grade crossing that now exists over Intercounty Highway Number 115 and combining it with the Newmans Road crossing. And, second, because, as claimed by plaintiff, to change the angle of the improved portion of the road crossing the tracks, would create a very much more dangerous crossing than now exists at this point.

The evidence before us bears out the contention of plaintiff to some extent that there was some kind of a verbal agreement or understanding between the plaintiff and the representatives of the Highway Department and the county commissioners, having in view such a change of the highway and crossing situation in this location as above outlined.

We have given this case thorough consideration and have been helped much in our deliberations, by the able presentation of the questions before us, in the briefs and oral arguments of counsel for both sides. And while it is clear to us that the public officials, either personally or through their representatives, have by their verbal expressions and negotiations with the plaintiff company, induced them to move their tracks in anticipation of the carrying out of some kind of an agreement between the parties; and while we are satisfied that this agreement has been ignored by the State Highway Department and the county commissioners, we are unable to find facts sufficient to warrant a judgment in favor of the plaintiff. It is sufficient to say that a contract cannot be enforced against the county commissioners unless such contract is authorized by resolutions of the board as a board.

The statute points out the manner in which a public highway may be changed, and there is no evidence that any steps at all were taken in pursuance of the statutes.

Section 1189, General Code, outlines the steps that must be taken when a change is sought to be made in an intercounty highway by the State Highway Department. None of these steps were taken, and hence the Highway Department cannot be bound by what is claimed to have been done in the premises here.

It is within the power, as said before, of the county commissioners and the Highway Department, to improve a highway that is already established, as this highway has been, and while a certain portion of this road has been improved in a certain manner, this does not deprive the county and state Highway Department of the right to improve the road to its full width at the point where the railway crosses it, when there is no proof of anything abridging this right. This being true, we are constrained to hold that the plaintiff, under the circumstances of this case, has established no cause of action against any of the parties, and for that reason the petition is dismissed at its costs.